**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Christian Armando VALLE–MENDIVIL, a.k.a. Christian Valle–Mendivil, Defendant–Appellant.**

No. 14–50502.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2015.*

Filed Oct. 19, 2015.

Susan Leah Park, Assistant U.S., Bruce R. Castetter, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent James Brunkow, Federal Defenders, San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

*See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Christian Armando Valle–Mendivil appeals from the district court's judgment and challenges the 75–month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952, 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Valle–Mendivil contends that the district court erred by declining to award a minor-role adjustment under U.S.S.G. § 3B1.2(b). We review a district court's interpretation of the Guidelines de novo and its determination that a defendant was not a minor participant for clear error. *See United States v. Hurtado,* 760 F.3d 1065, 1068 (9th Cir.2014), *cert. denied,* —— U.S. ——, 135 S.Ct. 1467, 191 L.Ed.2d 412 (2015). The record reflects that the court properly applied the Guidelines and our precedent, considering the totality of the circumstances, as well as Valle–Mendivil's understanding of the scheme and his role in the smuggling operation. *See id.* at 1068–69. The district court properly considered the quantity of drugs, the compensation involved, and the fact that Valle–Mendivil allowed the vehicle to be registered in his name. Because "[a]ny of these facts alone may justify denial of a minor role," *id.,* the district court did not clearly err in denying the adjustment.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Orozco–Godi-